IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMILY HOUTZ**, : | |
| individually and on behalf of : | |
| all others similarly situated, : | |
|                 Plaintiffs, : | |
| : | |
|            v. : | Civil No. 5:23-cv-00844-JMG |
| : | |
| **PAXOS RESTAURANTS d/b/a** : | |
| **MELT RESTAURANT**, : | |
|                 Defendant. : | |

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY
A FLSA COLLECTIVE ACTION AND TO ISSUE NOTICE**

Defendants, Paxos Restaurants, Inc. (incorrectly identified in the caption as doing business as Melt Restaurant) ("Paxos"), and Melt Restaurant, LLC ("Melt") (Paxos and Melt, collectively, hereinafter referred to as "Defendants"), by and through their undersigned attorneys, hereby file this brief in opposition to the motion filed by Plaintiff, Emily Houtz, to conditionally certify a collective action under the Fair Labor Standards Act ("FLSA") and to issue notice of the collective action (the "Motion") (ECF No. 25).

In short, and as demonstrated more fully below, the Motion should be denied in its entirety because: (1) Plaintiff failed to support her Motion with any competent evidence, choosing, rather, to simply rely on the averments of her unverified Amended Complaint; and (2) the Plaintiff's proposed Notice of Collective Action Lawsuit (ECF No. 25-2) is inconsistent with her own Amended Complaint, Motion, proposed Order and applicable law.

I. **PROCEDURAL HISTORY AND STATEMENT OF FACTS**

On March 6, 2023, Plaintiff, Emily Houtz ("Plaintiff"), individually and purportedly on behalf of all other similarly situated employees of Defendant ("Class Plaintiffs") (Plaintiff and Class Plaintiffs, collectively referred to as "Plaintiffs"), filed a five-count collective and class action Complaint against Paxos as the purported owner and operator of Melt Restaurant, a restaurant located at 2808 Center Valley Parkway, Center Valley, PA 18034 (the "Restaurant"). (ECF No. 1). In the Complaint, Plaintiff alleged that the Restaurant, *inter alia*, failed to pay her the full automatic gratuity the Restaurant charged customers when she worked as a server at events held at the Restaurant in purported violation of the FLSA, the Pennsylvania Wage Payment Collection Law ("WPCL"), the Pennsylvania Minimum Wage Act of 1968 ("MWA"), and she suffered wrongful (and constructive) termination in violation of Public Policy.

On July 5, 2023, Defendant filed a 12(b)(6) motion to dismiss the Complaint for failure to state a claim upon which relief can be granted. (ECF No. 5). In response, Plaintiff filed an Amended Complaint on July 18, 2023 (ECF No. 6). Defendants filed a second motion to dismiss (ECF No. 15), and on October 17, 2023, this Court entered an order, granting the motion to dismiss, in part, dismissing Plaintiff's claim for wrongful termination in violation of public policy (Count V). (ECF No. 21).

Plaintiff's Motion now seeks to conditionally certify a collective action under the FLSA pursuant to 29 U.S.C. § 216(b) (ECF No. 25) (the "Motion"), and to request issuance of a proposed notice to prospective members of the collective action so as to permit them an opportunity to "opt in." The only documents Plaintiff submitted in support of her Motion are a Memorandum of Law (ECF No. 25-2), a proposed form of Notice of a Collective Action (the "Proposed Notice") (ECF

No. 25-2), and a proposed form of Consent to Join Collective Action (ECF No. 25-3), and a proposed Order. (the "Proposed Order") (ECF No. 25-4).

Plaintiff did not submit any affidavits, declarations, deposition testimony, or any other admissible evidence in support of her Motion.

II. <u>STATEMENT OF QUESTIONS INVOLVED</u>

    A. **WHETHER PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY AN FLSA COLLECTIVE ACTION SHOULD BE DENIED BECAUSE PLAINTIFF FAILED TO SUBMIT AFFIDAVITS, DECLARATIONS, DEPOSITION TESTIMONY, OR OTHER SUPPORTING EVIDENCE AS REQUIRED TO DEMONSTRATE THAT SHE AND OTHERS ARE SIMILARLY SITUATED?**

    <u>Suggested Answer</u>: **Yes**.

    B. **EVEN IF CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION WAS APPROPRIATE, WHETHER PLAINTIFF'S REQUEST FOR APPROVAL OF HER PROPOSED ORDER AND PROPOSED NOTICE OF COLLECTIVE ACTION SHOULD BE DENIED BECAUSE THEY DO NOT COMPLY WITH THE APPLICABLE FLSA STATUTE OF LIMITATION?**

    <u>Suggested Answer</u>: **Yes**.

    C. **EVEN IF CONDITIONAL CERTIFICATION OF A FLSA COLLECTIVE ACTION WAS APPROPRIATE, THIS COURT SHOULD DENY PLAINTIFF'S REQUEST FOR APPROVAL OF HER PROPOSED NOTICE BECAUSE THE SCOPE OF COLLECTIVE ACTION PLAINTIFFS IDENTIFIED THEREIN IS INCONSISTENT WITH THE PLAINTIFFS IDENTIFIED IN HER AMENDED COMPLAINT AND PROPOSED ORDER?**

    <u>Suggested Answer</u>: **Yes**.

III. <u>LEGAL ARGUMENT</u>

    A. **Plaintiff's Motion to Conditionally Certify an FLSA Collective Action Should be Denied Because Plaintiff Has Not Submitted Any Affidavits, Declarations, Deposition Testimony, or Other Supporting Evidence To Demonstrate that She and Others are Similarly Situated.**

The FLSA authorizes employees to bring a collective action on behalf of other "similarly situated" employees who were affected by an employer's common policy. 29 U.S.C. § 216(b). Collective actions under the FLSA require members of the class to "opt-in" to a civil action, unlike class actions subject to Federal Rule of Civil Procedure 23, where each person within the class is presumed to be a member of the class unless he "opts-out." Id.

In determining whether a suit should proceed effectively and efficiently as a collective action by similarly situated individuals under the FLSA, the U.S. Court of Appeals for the Third Circuit applies a two-tiered analysis. Symczyk v. Genesis Healthcare Corp., 656 F.3d 189, 192 (3d Cir. 2011), rev'd on other grounds, 569 U.S. 66 (2013). At the first stage of analysis, the court "makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." Id. at 192-93. This is often referred to as conditional certification of the collective action. Only then can a court-approved notice of the collective action issue to prospective members of the collective action to provide them the opportunity to opt-in to the action. Id. Then, at the second stage of analysis, the court determines whether the individuals who have opted in are, in fact, similarly situated to the named plaintiffs[1]. Zavala v. Wal Mart Stores, Inc., 691 F.3d 527, 536 n.4 (3d Cir. 2012). Plaintiff's Motion only concerns the first stage of analysis – conditional certification.

To be sure, for purposes of the first stage of analysis and conditional certification, the Third Circuit has determined that a plaintiff must only make a "modest factual showing" that she and those individuals proposed to be included as part of the collective action are "similarly situated." Symczyk, 656 F.3d at 192. The Third Circuit has determined that the "modest factual showing"

---

[1] During the second stage, the Court must determine whether the plaintiffs who opted in are similarly situated using the following three factors: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant; and (3) fairness of procedural considerations." Shoop v. JusticeWorks YouthCare, Inc., 2022 WL 1748390 at *2 (W.D. Pa. May 31, 2022).

4

standard "best comports with congressional intent and with the Supreme Court's directive that a court "ascertain[] the contours of [a collective] action at the outset." Id. at 193 (quoting Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 173 (1989)).

However, under the "modest factual showing" standard, "a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner it affected other employees." Id. (quoting Smith v. Sovereign Bancorp, Inc., 2003 WL 22701017 at *3 (E.D. Pa. Nov. 13, 2003); see also Zavala v. Wal-Mart Stores, Inc., 691 F.3d 527, 545 n.4 (3d Cir. 2012).

To make the required "factual showing," Plaintiff must submit evidence of facts. As such, a plaintiff cannot make a "modest factual showing" based "solely on allegations in the complaint" and must, instead, "provide factual support . . . in the form of affidavits, declarations, deposition testimony, or other [supporting] documents." Garcia v. Vertical Screen, Inc., 387 F.Supp.3d 598, 603-04 (E.D. Pa. 2019) (citations omitted) (granting conditional class certification, in part, because plaintiff submitted two declarations from two full time employees). Thus, while the "modest factual showing" is a lenient standard, courts have not hesitated to deny conditional certification when evidence is lacking. See, e.g., Smith, 2003 WL 22701017 (E.D. Pa. Nov. 13, 2003); Boes v. Applied Analysis Corp., 2020 WL 1526635 (E.D. Pa. Mar. 30, 2020); Shoop, 2022 WL 1748390 (W.D. Pa. May 31, 2022).

For example, in Secret Lincoln v. Apex Human Services LLC, 2022 WL 4542100 (E.D. Pa. 2022), Judge Bartle in a recent decision considered whether the plaintiff satisfied the modest factual showing standard. There, the plaintiff argued that she satisfied the modest factual showing standard because she provided copies of her employment agreement, text messages between her and the defendant, and a pay stub. Id. at *2. This Court disagreed, finding that the evidence

5

submitted by the plaintiff "merely alleges that there are [other similarly situated employees]." Id. at *3. In short, this Court found that "[n]one of the evidence references any other worker." Id.

In this case, Plaintiff has not made any factual showing that she is similarly situated to any other individuals. Plaintiff has failed to attach any affidavits, declarations, deposition testimony, or any other supporting documents to support her Motion for conditional certification of the proposed FLSA collective action. Rather, Plaintiff relies solely on the allegations of her Amended Complaint to support the Motion. The only documents Plaintiff submitted with her Motion and Memorandum of Law are a proposed Notice of a Collective Action, a proposed Consent to Join Collective Action forms, and a proposed form of Order which merely allege the existence of similarly situated employees. See ECF No. 25. In this way, this case is comparable to this Court's recent decision in Lincoln, *supra*, at *3.

Simply put, Plaintiff has not attached any evidence or factual support to her motion to make the required "modest factual showing" that she and others are similarly situated so as to warrant the conditional certification of a collective action under the FLSA. This basic evidentiary deficiency is fatal to her Motion.

Accordingly, and for this threshold reason, Plaintiff's Motion to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b) should be denied.

> **B. Even if Conditional Certification of an FLSA Collective Action Was Appropriate, Plaintiff's Request to Approve Her Proposed Order and Proposed Collective Action Notice Should be Denied Because they Do Not Comply with the FLSA's Statute of Limitations.**

As part of her Motion, Plaintiff requests this court approve issuance of a proposed Notice of Collective Action (ECF No. 25-2). In relevant part, the Proposed Notice advises potential members of the collective action:

**If you were employed by Paxos Restaurants d/b/a Melt Restaurant as a party server, lead party server, or tipped employee at Melt Restaurant from March 6, 2020 through the present, please read this notice.**

(ECF No. 25-2) (emphasis in original). Plaintiff's Proposed Order includes an identical period of time (ECF No. 25-4, ¶ 1). Thus, Plaintiff proposes to include potential collective action members who were employed during a period commencing three years prior to the date she filed her Complaint and lasting well over three years. The Proposed Order incorporates the same period. That proposed period is impermissible because (1) it exceeds the FLSA's statute of limitations for filing claims, (2) Plaintiff has not demonstrated that Defendants' conduct was willful so as to justify application of a three-year, rather than the standard two-year statute of limitation for FLSA claims, and (3) the start date of the period (regardless of its length) is inappropriate under applicable Court precedent. Therefore, the Court should deny Plaintiff's Motion to approve the Proposed Order and Proposed Notice.

Pursuant to 29 U.S.C. § 255(a), a civil enforcement action under the FLSA, like the one at issue in this case, must be commenced within two years after the cause of action accrued, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a) (emphasis added). A violation of the FLSA was willful, if at minimum, the employer "showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 132-33 (1988). Thus, a violation of the FLSA is willful if the employer "either 'knew' its conduct was prohibited by the FLSA or 'showed reckless disregard for the matter.'" Souryavong v. Lackawanna County, 872 F.3d 122, 126 (3d Cir. 2017). Accordingly, the maximum period allowed for claims under the FLSA is three years and only in cases of willful violation. Moreover "notice [of the FLSA collective action] should be sent only to potential opt-in plaintiffs whose claims would not

7

be time-barred." Titchenell v. Apria Healthcare, Inc., 2011 WL 5428559 at *7 (E.D. Pa. Nov. 8, 2011) (citing Symczyk, 656 F.3d at 200).

In this case, the Proposed Notice period includes employees of the Restaurant who were employed more than three years prior to the issuance of the Complaint in this case insofar as the proposed period commences three years prior to that filing date and continues "through the present" (*e.g.*, the date of the Notice of Collective Action that would issue). Because that period exceeds three years, it is impermissible and Plaintiff's Motion to approve the Proposed Notice and Proposed Order should be denied.

Furthermore, Plaintiff's lookback of three years, instead of two years, is not justified as Plaintiff has not demonstrated that Defendants' alleged violation of the FLSA was willful. As mentioned previously, Plaintiff relies, exclusively, on the bare and limited averments in her Amended Complaint to support her Motion, without submitting any admissible evidence. And, those averments in her Amended Complaint state only bare conclusions of willfulness, absent any supporting facts. As such, Plaintiff has failed to demonstrate that Defendants' alleged FLSA violation was willful. Without at least a modicum of evidence demonstrating willfulness, a notice with a three-year lookback period is unwarranted under the FLSA.

Finally, Plaintiff's Proposed Notice also, effectively and impermissibly, tolls the statute of limitations from the date the collective action complaint was filed. See ECF No. 25-2 ("from March 6, 2020 through the present . . . ."). In that respect, Plaintiff's Proposed Notice and Proposed Order incorrectly toll the statute of limitations.

"For an opt-in plaintiff, the statute of limitations is tolled only when that individual plaintiff files written consent." Titchenell, *supra*, at *7 (citation omitted). Accordingly, notice should be sent only to potential opt-in employees who worked at the Restaurant within the applicable FLSA

8

statute of limitations period before the date the notice of collective action is issued, not when the Complaint was filed, because it is only those employees whose claims would not be time-barred. So, without modification, Plaintiff's Proposed Notice and Proposed Order should not be approved.

### C. Even if Conditional Certification of a FLSA Collective Action was Appropriate, this Court Should Deny Plaintiff's Request for Approval of Her Proposed Notice Because the Scope of Collective Action Plaintiffs Identified Therein Is Inconsistent with the Plaintiffs Identified in Her Amended Complaint and Proposed Order.

This Court has broad discretion over the FLSA collection action notice process. See Hoffman-La Roche, Inc., 493 U.S. at 170. To this end, this Court may exercise its discretion to strike facial errors within a plaintiff's proposed notice. In this case, Class Plaintiffs identified in Plaintiff's Proposed Notice are inconsistent with her Amended Complaint and Proposed Order. As such, the Court must exercise its discretion in this case to prevent the Proposed Notice from issuing to individuals who are not potential plaintiffs.

In her Amended Complaint, Plaintiff identifies Class Plaintiffs as servers who were not paid the full amount of the automatic gratuity charged during events at the Restaurant. (ECF No. 6, ¶43) ("Melt Restaurant automatically added a 20% gratuity for every event).

Likewise, according to Plaintiff's Proposed Order, Plaintiff requests this Court to conditionally certify a collective action "of current and former non-exempt tipped employees of Defendant who worked at Melt Restaurant during events for which an automatic gratuity was charged to patrons and a portion of said automatic gratuity was retained by Defendant." (ECF No. 25-4).

As such, the proposed class of similarly situated plaintiffs does not, for example, include all servers at the Restaurant – it includes only those servers who worked events at the Restaurant and were not paid the full amount of the automatic gratuity charged by the Restaurant.

Yet, inexplicably, the Proposed Notice states that "[i]f you were employed by Paxos Restaurants d/b/a Melt Restaurant as a party server, lead party server, or tipped employee at Melt Restaurant . . . please read this notice."  ECF No. 25-2, Ex. A.  That definition of the class of eligible plaintiffs is inconsistent with and beyond the scope of the allegations in the Amended Complaint and the potential plaintiffs identified in the Proposed Order.

Therefore, for this final reason, this Court should deny Plaintiff's request for approval of her Proposed Notice.

## IV. <u>CONCLUSION</u>

For the reasons more fully explained above, Defendant, Paxos Restaurant, Inc. respectfully requests that this Court deny Plaintiff's Motion to Conditionally Certify a Collective Action in its entirety.

                Respectfully submitted,

                FITZPATRICK LENTZ & BUBBA, P.C.

Dated: December 7, 2023      By:    /s/ Jacob M. Sitman
                Jacob M. Sitman
                Attorney I.D. No. 80510
                Two City Center
                645 West Hamilton Street, Suite 800
                Allentown, PA 18101
                (610) 797-9000
                jsitman@flblaw.com
                *Attorneys for Defendants*

## **VERIFICATION**

In accordance with 28 U.S.C.A. § 1746, relating to unsworn declarations under penalty of perjury, I, Jacob M. Sitman, Esq., verify under penalty of perjury that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

Dated: December 7, 2023                    By:    /s/ Jacob M. Sitman
                                                  Jacob M. Sitman

## **DECLARATION OF SERVICE**

I, Jacob M. Sitman, attorney for Defendants, Paxos Restaurants, Inc. and Melt Restaurant, LLC, hereby declare that on the date set forth below, I caused a copy of Defendants' Answer to the Amended Complaint, and this Declaration of Service, to be served upon David M. Koller, Esquire, Koller Law, LLC, 2043 Locust Street, Suite 1B, Philadelphia, PA 19103, davidk@kollerlawfirm.com, attorney for Plaintiff, Emily Houtz, by electronically filing the original aforementioned documents with the Court using the Electronic Case Filing ("ECF") System. Those documents are available for viewing and downloading from the ECF System.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statement is true and correct to the best of my knowledge, information and belief.

Dated: December 7, 2023          By:   /s/ Jacob M. Sitman
                                       Jacob M. Sitman
                                       Executed in the United States of America