IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILY HOUTZ, <br> INDIVIDUALLY AND ON BEHALF OF <br> ALL OTHERS SIMILARLY SITUATED, <br>           Plaintiff, <br><br> v. <br><br> PAXOS RESTAURANTS <br> doing business as <br> MELT RESTAURANT, <br>           Defendant. | Civil No. 5:23-cv-00844-JMG |

**ORDER**

**AND NOW**, this 27th day of December, 2023, upon consideration of Plaintiff's Motion to Certify Conditionally FLSA Collective Action (ECF No. 25) and Defendant's Response (ECF No. 26), **IT IS HEREBY ORDERED** that Plaintiff's Motion (ECF No. 25) is **DENIED without prejudice**.[1] Plaintiff shall file its renewed motion for conditional certification, if any, no later than **Friday, January 19, 2024.**

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[1] Defendant has rightly cited to binding Third Circuit case law that sets the bar for preliminary certification of this collective action above mere averments in the Complaint. *See Garcia v. Vertical Screen, Inc.*, 387 F.Supp.3d 598, 603–04 (E.D. Pa. 2019) (citations omitted) (Holding that a plaintiff cannot make a "modest factual showing" based "solely on allegations in the complaint" and must, instead, "provide factual support . . . in the form of affidavits, declarations, deposition testimony, or other [supporting] documents.").

In Plaintiff's renewed motion, if any, the Court directs her to address Defendant's statute of limitations argument. Specifically, does the two- or three-year period apply? And in either case, what is the correct starting point of that period—the time of filing or the time of certification?